IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STUART JOHNSON, and SHIRLEY JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CHANE COOMES, and MOIRA COOMES,<br><br>Defendants. | **7:26CV5019**<br><br>**ORDER** |

This matter is before the court on Plaintiffs' Motion for Leave to File Third Amended Complaint, or in the Alternative, Notice of Amendment as a Matter of Course. (Filing No. 11). Defendant Chane Coomes consents to the amendment. Defendant Moira Coomes does not and opposes the motion. (Filing No. 11, at para. 6; Filing No. 16). For the following reasons, the motion is granted. While the court finds Plaintiffs are not entitled to amend as a matter of course, leave to amend will be given under Fed. R. Civ. P. 15(a)(2).

## I. BACKGROUND

Plaintiffs Stuart and Shirley Johnson (collectively "Plaintiffs") farm in Sheridan County, Nebraska. They allege that in 2022 and 2023, Defendant Chane Coomes ("Chane") bought hay and other cattle feed from their farm and hauled it to a ranch west of Manderson, South Dakota. According to Plaintiffs, Chane never paid the balance he owed. (Filing No. 1-2).

Plaintiffs initially sued only Chane. They filed suit in the District Court of Sheridan County, Nebraska, on February 14, 2025. They filed an Amended Complaint later that month and before serving the original complaint. (Filing No. 11, at para. 1; Filing No. 1, at

para. 2). Chane answered the Amended Complaint on or about March 31, 2025. (Filing No. 1, at para. 4). As part of the action in state court, Plaintiffs deposed Chane on November 3, 2025, and his wife Moira Coomes ("Coomes") on January 29, 2026. (Filing No. 12, at p. 1). Plaintiffs then filed a Second Amended Complaint with Chane's written consent on April 14, 2026. That pleading added Moira as a defendant for the first time. (Filing No. 1-2; Filing No. 12, at p. 2). The allegations against her were brief and alleged that Chane acted on behalf of himself and Moira. Plaintiffs further alleged that Chane and Moira jointly owned the cattle and their brands, decided together where the cattle grazed, and reported the cattle on a joint tax return. (Filing No. 1-2, at paras. 17-21).

Plaintiffs had difficulty serving Moira with the Second Amended Complaint. They sent two summonses to the Oglala Lakota County Sheriff's Office for personal service, but Moira was not personally served. A separate summons, sent by certified mail, went unclaimed. (Filing No. 7-2; Filing No. 7-3). On July 27, 2026, the state court authorized service by publication. (Filing No. 7-4). Notice was published the following month. (Filing No. 7-5; Filing No. 7-6). Chane answered the Second Amended Complaint on September 23, 2026, and Moira removed the case to this court the following day. (Filing No. 1; Filing No. 11, at para. 2). After removal, the Clerk of this court issued a new summons for service on Moira, which has not yet been returned. (Filing No. 15).

Shortly after removal, Moira moved to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). (Filing No. 5).[1] She argues that the Second Amended Complaint rests on "a single conclusory allegation that Chane was acting on behalf of Moira." (Filing No. 6, at p. 5). In her view, that allegation cannot support personal jurisdiction or state a claim against her. (Filing No. 6, at pp. 5, 15). She further argues that Plaintiffs were not reasonably diligent before resorting to service by publication. (Filing No. 6, at pp. 9-13). The parties have fully briefed the motion, which remains pending.

[1] That motion is currently pending with Senior U.S. District Judge John Gerrard.

Plaintiffs responded with the present motion a week later. (Filing No. 11). The proposed Third Amended Complaint adds jurisdictional allegations, replacing general agency allegations with more specific facts about Moira. (Filing No. 11, at para. 4 and 23-29). The amendments now allege that Chane and Moira run their ranch together without any business entity, and that Moira procures the grazing leases, owns the cattle and brands, and decides with Chane which cattle belongs to whom. Plaintiffs also allege that Moira knew of Chane's dealings with Plaintiffs and of his $60,000 partial payment. (Filing No. 11-1, at paras. 23-39). Plaintiffs assert claims for breach of contract, promissory estoppel, and unjust enrichment against both Chane and Moira. (Filing No. 11-1, at paras. 40-53). They contend that Moira is liable on those claims as Chane's partner, as his principal, and by ratification. (Filing No. 11-1, at paras. 8, 32, 39-40). The remaining claims, including conversion and fraud, are asserted against Chane alone. (Filing No. 11-1, at paras. 54-70).

Plaintiffs primarily ask the court to deem the Third Amended Complaint filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). Alternatively, they seek leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). (Filing No. 11; Filing No. 12).[2] Moira opposes the motion for two reasons. First, she argues that Plaintiffs may not amend as a matter of course (Filing No. 16, at pp. 3-4). Second, she seeks to preserve her defense of insufficient service of process, which she is concerned will be waived if she consents to this motion. (*See* Filing No. 16, at pp. 2-3 (*citing* *Buon v. Spindler*, 65 F.4th 64, 74-75 (2d Cir. 2023)).

## II. LEGAL STANDARD

A party may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). When a response is required, that right expires 21 days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion, "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B); *see* *Bohling v. Tyson Foods, Inc.*, No. 4:19-CV-3087, 2019 WL 4303288, at *1 (D. Neb. Sept. 11, 2019). In a multi-defendant case, the first defendant's response starts the period, and a later response does not reset it. *See* *Richmond v. South Dakota*, No. 4:24-

[2] Plaintiffs also ask the court to suspend their deadline to respond to the motion to dismiss, which has since been filed, making that issue now moot. (Filing No. 11, at para. 7; Filing No. 19).

CV-04067-ECS, 2025 WL 815721, at *17 (D.S.D. Mar. 14, 2025); *Wilkie v. CTW Acquisition, LLC*, No. 16-CV-1784 (WMW/SER), 2017 WL 10505349, at *3 (D. Minn. July 25, 2017); Fed. R. Civ. P. 15 (advisory committee's note to 2009 amendment). Amendments made in state court before removal count toward the limit. *See Stanko v. Brewer*, No. 8:20CV302, 2020 WL 5982062, at *2 (D. Neb. Oct. 8, 2020), *aff'd in part, vacated in part on other grounds, and remanded*, 853 F. App'x 41, 42 (8th Cir. 2021) (per curiam). Although not binding, courts outside this circuit also hold that once the period closes, the right "does not revive thereafter." *Savignac v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C. 2022). Otherwise, a party may amend only with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2).

When a party seeks leave, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should therefore be granted absent a compelling reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013). That standard reflects the preference under the Federal Rules for deciding cases on their merits rather than on technicalities. *See Foman*, 371 U.S. at 181-82. And although the decision is committed to the court's discretion, refusing leave "without any justifying reason…is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182.

## III. ANALYSIS

### A. Amendment as a Matter of Course

The first question is whether Plaintiffs may file the Third Amended Complaint without leave. Plaintiffs say they can. They argue that neither prior amendment used up their one amendment as a matter of course because they filed it within 21 days after Chane answered the Second Amended Complaint and after Moira moved to dismiss. (Filing No. 12, at pp. 2-4; Filing No. 24, at pp. 3-5). The court disagrees as the window to amend as a matter of course closed in April 2025, and later events did not reopen it.

Where the pleading is one to which a responsive pleading is required, the 21-day period to amend as a matter of course runs from service of the responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B); *Bohling*, 2019 WL 4303288, at *1. Here, that triggering event occurred before removal, when Chane answered the Amended Complaint in state court on or about March 31, 2025. (Filing No. 1, at para. 4). Removal did not reset the clock. *See Stanko*, 2020 WL 5982062, at *2 (treating the parties' state-court actions "as if they had occurred in the federal forum"). Plaintiffs therefore had until approximately April 21, 2025, to amend as a matter of course and they did not.

Nothing after April 2025 reopened that window. Plaintiffs rely on two later events, but neither restarted the clock. First, filing the Second Amended Complaint did not restart it. Although *Savignac* is not binding on this court, its reasoning is persuasive. There, the plaintiffs amended twice – first with the court's leave and then with defendants' consent – but never as a matter of course. After the defendants answer the second amended complaint, the plaintiffs filed a third amended complaint without leave or consent. They argued that because they had never used their one amendment as a matter of course, they could still do so within 21 days after the answer to their latest complaint. *Savignac*, 341 F.R.D. at 121-23. The court rejected that argument and held that any right to amend had expired years earlier. *Id.* at 123. The same analysis applies here. Like the *Savignac* plaintiffs, Plaintiffs filed the Second Amended Complaint with consent long after their initial window had closed. When Chane answered the Second Amended Complaint in September 2026, no new period began. As the court in *Savignac* concluded, "the right to amend the complaint once as a matter of course is confined to the initial stages of a case − that is, the right terminates 21 days after the *first* responsive pleading…is served, and it does not revive thereafter." *Id.* (emphasis added).

Adding Moira as a defendant did not restart the clock either. When there are multiple defendants, the period begins with the *first* defendant's response and does not reset when a later defendant responds. *See Wilkie*, 2017 WL 10505349, at *3; *Richmond*, 2025 WL

815721, at *17. Plaintiffs argue that this rule should not apply to Moira, because she was not named until the Second Amended Complaint and more than a year after Chane answered. (Filing No. 24, at pp. 4-5). But Moira entered the case through that amendment, which Plaintiffs filed after their right to amend as a matter of course had already expired. Later pleadings do not revive that right simply because the pleading adds a new defendant. *See Savignac*, 341 F.R.D. at 123. Moira's Rule 12(b) motion therefore did not start a new period. As a result, Plaintiffs may not amend as a matter of course.

B. Leave to Amend Under Rule 15(a)(2)

Leave to amend must be freely given absent some compelling reason, such as undue delay, bad faith, unfair prejudice, or futility. *See Foman*, 371 U.S. at 182; *see also Reuter*, 711 F.3d at 922. No such reason exists here, and Moira does not argue otherwise, as she is more concerned with preserving her defenses.[3] (*See* Filing No. 16). The court finds there is no compelling reason to deny amendment here.

Plaintiffs filed their motion two weeks after removal and seven days after Moira moved to dismiss. (Filing No. 1; Filing No. 5; Filing No. 11). At that point, the case had barely commenced in this court. No progression order has been entered, therefore allowing the amendment will not disrupt the progression of this case. The record likewise shows no bad faith or unfair prejudice. The new allegations come largely from Defendants' own deposition testimony. They also respond directly to the deficiencies Moira raised in her motion to dismiss. Moreover, Chane, the only defendant who has answered, consents to the amendment. (Filing No. 11, at para. 6). Based on these factors, the court finds that leave

[3] Moira withholds consent because she is concerned that consenting could waive her defense of insufficient service of process. (Filing No. 16, at pp. 2-4 (*citing Buon*, 65 F.4th at 75)). That concern is not a reason to deny leave. *See* Fed. R. Civ. P. 15(a)(2) (permitting amendment with "the opposing party's written consent or the court's leave"); *see also Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990); *Lockett v. Pinnacle Entertainment, Inc.*, 2019 WL 4296492, at *4 (W.D. Mo. Sept. 10, 2019). Because the amendment proceeds on the court's leave rather than her consent, it does not operate as a waiver. The court therefore grants leave over her objection.

to amend should be granted. The undersigned will further recommend to Judge Gerrard that the motion to dismiss (Filing No. 5) be denied as moot.

Accordingly, and for these reasons, IT IS ORDERED:

1. Plaintiffs' Motion for Leave to File Third Amended Complaint, or in the Alternative, Notice of Amendment as a Matter of Course (Filing No. 11), is granted pursuant to Fed. R. Civ. P. 15(a)(2).
2. The undersigned recommends to Senior U.S. District Judge John Gerrard that the motion to dismiss (Filing No. 5) be denied as moot.
3. Plaintiffs request to suspend their deadline to respond to Defendant Moira Coomes's Motion to Dismiss is denied as moot.
4. Plaintiffs shall file a clean, signed copy of the Third Amended Complaint (Filing No. 11-1) on or before November 30, 2026.

Dated this 23rd day of November, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge